IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| VINTON DERRICK CUMMINGS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:14-CV-403-Y |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Vinton Derrick Cummings, a state prisoner, against William Stephens, director of the Texas Department of Criminal Justice, Correctional Institutions Division, Respondent.

After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time-barred.

I. Factual and Procedural History

On November 12, 2009, in Criminal District Court Number One, Tarrant County, Texas, a jury found Petitioner guilty of murdering Temple Jernigan and assessed his punishment at 40 years' confinement. (J. of Conviction by Jury at 57, Cummings v. Thaler,

No. 4:12-CV-473-A, SH-writ No. WR-77,794-01, ECF No. 11.[1]) Petitioner appealed his conviction, but the Seventh Court of Appeals of Texas affirmed the trial court's judgment and, on September 14, 2011, the Texas Court of Criminal Appeals refused his petition for discretionary review. TEXAS JUDICIAL BRANCH, http:/txcourts.gov. Petitioner filed on April 23, 2012,[2] his first postconviction state habeas application challenging his conviction, which was denied without written order by the Texas Court of Criminal Appeals on June 20, 2012. (Cover & Inmate's Declaration at 13, Cummings v. Thaler, No. 4:12-CV-473-A, SH-writ No. WR-77,794-01, ECF No. 11.) Thereafter, Petitioner filed on July 9, 2012,[3] his first federal habeas petition, which was voluntarily dismissed at Petitioner's request without prejudice by the Court on October 16, 2012. (Pet., Op. & Order, J., ECF Nos. 1, 13-14.) Petitioner returned to state court by filing on January 10, 2013, a second state habeas application, which was dismissed on March 20, 2013, as a subsequent application by the Texas Court of Criminal

---

[1] The citation is to the state-court record of Petitioner's first state habeas application, WR-77,794-01, filed in *Cummings v. Thaler,* Civil Action No. 4:12-CV-473-A. Although an ECF number is provided, the state-court records themselves were not scanned into the ECF system at that time.

[2] A prisoner's state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Petitioner's state applications do not provide the date Petitioner placed the documents in the prison mailing system but do reflect the dates they were signed by Petitioner. Therefore, for purposes of this Opinion and Order, the state applications are deemed filed on those dates, respectively.

[3] Similarly, a federal habeas petition filed by a prisoner is deemed filed when the petition is placed in the prison mail system for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

2

Appeals.  (SH-writ, cover & Appl. at 12, ECF No. 8-3.)  Petitioner filed a suggestion to reconsider the court's dismissal, signed on April 19, 2013, which the Texas Court of Criminal Appeals denied on May 1, 2013.  (SH-Writ, Suggestion to Reconsider, ECF No. 8-2.)  On June 17, 2013, Petitioner filed a motion in this Court to reinstate his original federal petition, which the Court denied on June 18, 2013.  (Mot. & Order, Cummings v. Thaler, No. 4:12-CV-473-A, ECF Nos. 15-16.)  Petitioner appealed the order of denial, but on February 7, 2014, the Fifth Circuit affirmed the June 18 order. (Opinion & J., Cummings v. Thaler, No. 4:12-CV-473-A, ECF Nos. 24-25.)  On May 28, 2014, Petitioner filed this second federal petition.  (Pet. 10, ECF No. 1.)

## II.  Issues

Petitioner raises seven grounds for habeas relief:  actual innocence (ground one); ineffective assistance of counsel (grounds two and four); prosecutorial misconduct (ground three); a *Batson* violation (ground five); and trial-court error (grounds six and seven). (Pet. 6-7B, ECF No. 1.)

## III.  Statute of Limitations

As a threshold issue, Respondent has moved to dismiss the petition on limitations grounds.  Title 28, United States Code, section 2244(d) imposes a one-year limitation on federal petitions for writ of habeas corpus filed by state prisoners.  Section

3

2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

With limited exceptions not applicable here, under subsection (A), the limitations period begins to run on the date on which the judgment of conviction becomes final by the expiration of the time for seeking direct review. For purposes of this provision, Petitioner's conviction became final upon expiration of the time that he had for filing a petition for writ of certiorari in the

4

United States Supreme Court, which was on December 13, 2011. Therefore, the limitation period began to run the following day on December 14, 2011, and closed one year later on December 14, 2012,[4] absent any tolling. *Id.* § 2244(d)(1)(A); *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998); Sup. Ct. R. 13.

Petitioner's first state habeas application, filed on April 23, 2012, and denied on June 20, 2012, tolled the limitations period 59 days, making his federal petition due on or before February 11, 2013. Petitioner's second state habeas application filed on January 10, 2013, and dismissed on March 20, 2013, tolled the limitations period 70 days, making Petitioner's federal petition due on or before April 22, 2013. Finally, Petitioner's suggestion for reconsideration dated April 19, 2013, and denied on May 1, 2013, tolled the limitations period an additional 13 days, making his federal petition due on or before May 5, 2013. *Emerson v. Johnson*, 243 F.3d 931, 935 (5th Cir. 2001). *Compare Hooks v. Quarterman,* 224 F. App'x 352, 2007 WL 1026413, at *1 (5th Cir. Mar. 30, 2007) (providing "[a] Texas motion for reconsideration is considered filed for tolling purposes when it is delivered to the Court of Criminal Appeals and noted on that court's docket sheet").

---

[4]Respondent urges that the limitations period expired 365 days after it began notwithstanding the fact that 2012 was a leap year comprised of 366 days. (Resp't's Mot. to Dismiss 7 & 7 n.3, ECF No. 9.) However, the undersigned relies on the plain language of the statute to hold Petitioner had "1-year," as opposed to 365 days, to file his petition. *See also Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000) (same); *United States v. Marcello,* 212 F.3d 1005, 1010 (7th Cir.) (same), *cert. denied,* 531 U.S. 878 (2000).

5

Thus, the petition, filed on May 28, 2014, is untimely if Petitioner is not entitled to tolling as a matter of equity.

Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond a petitioner's control prevents him from filing in a timely manner or he can make a convincing showing that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 1928 (2013); *Holland v. Florida*, 560 U.S. 631 , 649 (2010). A petitioner attempting to make a showing of actual innocence is required to produce "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"—sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." 133 S. Ct. at 1928 (quoting *Schup v. Delo,* 513 U.S. 298, 329 (1995)).  Petitioner claims he requested withdrawal of his prior federal habeas petition so that he could exhaust ground four and then return to this Court with all the grounds upon which he seeks relief. Pet. 8, ECF No. 1.  He also claims he is actually innocent of the offense because the gun unintentionally discharged when the victim attempted to wrestle the gun from him. *Id.* 6.  However, there is no evidence in the record that Petitioner was prevented in some extraordinary way from asserting his rights in state or federal court, and he presents no new evidence to meet the actual innocence exception.  In fact, his

6

assertion that the gun accidentally discharged is contradictory to his own testimony at trial.  Accordingly, Petitioner is not entitled to equitable tolling, and his petition filed on May 28, 2014, after limitations had already expired, is untimely.

## IV.  Conclusion

For the reasons discussed, the Court GRANTS Respondent's motion to dismiss and DISMISSES Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 as time-barred.  A certificate of appealability is DENIED.

SIGNED January 8, 2015.

                                                TERRY R. MEANS
                                                UNITED STATES DISTRICT JUDGE